# UNITED STATES DISTRICT COURT
District of _____Nevada_____

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| AMY R. ORTIZ | Case Number: 2:08-cr-64-RLH-GWF-5 |
| | USM Number: 42822-048 |
| | TODD LEVENTHAL |
| | Defendant's Attorney |

**Date of Original Judgment:** January 13, 2012
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
X pleaded guilty to count(s) One and Two of the Superseding Information
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC §§ 1343 & 2 | Wire Fraud; Aiding and Abetting | 3/12/08 | 1 |
| 26 USC § 7206(2) | Aid or Assist in Making a False Statement | 2007 | 2 |

The defendant is sentenced as provided in pages 2 _____6_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s) *as charged in underlying Indictment ☐ is X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 13, 2012
Date of Imposition of Judgment

*/s/ Roger L. Hunt*
Signature of Judge

ROGER L. HUNT, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

April 2, 2012
Date

DEFENDANT: AMY R. ORTIZ
CASE NUMBER: 2:08-cr-64-RLH-GWF-5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of : **TIME SERVED as to each count**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case  
            Sheet 3 — Supervised Release                                               (NOTE: Identify Changes with Asterisks

Judgment—Page 3 of 6

DEFENDANT:     AMY R. ORTIZ  
CASE NUMBER:    2:08-cr-64-RLH-GWF-5

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**3 YEARS as to Count One and 1 YEAR as to Count Two, each to run concurrently, one with the other**

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C	(Rev. 09/11) Amended Judgment in a Criminal Case
	Sheet 3C — Supervised Release	(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 4 of 6

DEFENDANT: AMY R. ORTIZ
CASE NUMBER: 2:08-cr-64-RLH-GWF-5

# SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall be confined to home confinement with location monitoring *by telephone for a period of **one (1) year**. Defendant shall *not* be responsible for payment of the costs of the monitoring services.

2) The defendant shall not possess, have under her control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by Federal, state or local law.

3) The defendant shall submit to the search of her person, property, residence, or automobile under her control by the Probation Officer, or any other authorized person under the immediate and personal supervision of the Probation Officer without a search warrant to ensure compliance with all conditions of release.

4) The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Officer.

5) The defendant shall provide the Probation Officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which she has a control or interest.

6) The defendant is restricted from engaging in employment, consulting or any association with any mortgage business for a period of **three (3) years.**

*Note: A written copy of the conditions of release was provided to the Defendant by the Probation Officer in open Court at the time of sentencing.*

DEFENDANT: AMY R. ORTIZ
CASE NUMBER: 2:08-cr-64-RLH-GWF-5

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ WAIVED | Ct. I: $3,314,258.60 (joint & several)<br>Ct II: $40,435.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| *(See Attached Restitution Payee List)* | | $3,354,693.60 | |
| **TOTALS** | $ | $ 3,354,693.60 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO    (Rev. 09/11) Amended Judgment in a Criminal Case
      Sheet 6 — Schedule of Payments                                              (NOTE: Identify Changes with Asterisks)

Judgment — Page 6 of 6

DEFENDANT:    AMY R. ORTIZ
CASE NUMBER:  2:08-cr-64-RLH-GWF-5

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  X  Lump sum payment of $ 3,354,893.60 due immediately, balance due

☐ not later than _____ , or
X in accordance with  ☐ C,  ☐ D,  ☐ E, or  X F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

RESTITUTION SHALL BE PAID MONTHLY AT A RATE OF 10% OF GROSS MONTHLY INCOME, SUBJECT TO ADJUSTMENT BASED ON ABILITY TO PAY.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
*(See Attached Preliminary and Final Orders of Forfeiture)*

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# U.S. v. Amy Ortiz
## 2:08-cr-00064-RLH-GWF
### Restitution List

| | |
|---|---|
| WMC Mortgage<br>3100 Thornton Avenue<br>Burbank, California 91504 | $960,409.72 |
| Capital One Financial Corporation<br>(formerly Greenpoint Mortgage)<br>1680 Capital One Drive, #1400<br>McLean, Virginia | $140,847.22 |
| CMG Mortgage, Inc.<br>3160 Crow Canyon Road<br>San Ramon, California 34583-1382 | $46,966.31 |
| BNC Mortgage, Inc.<br>2275 Sampson Ave., #200<br>Corona, California 92879 | $170,194.41 |
| Stonecreek Funding<br>4343 North Scottsdale Road, Suite 100<br>Scottsdale, Arizona 85251 | $63,550.00 |
| Finance America<br>P.O. Box 9700<br>Boulder, Colorado 80301 | $910,457.15 |
| Lime Financial<br>5885 Meadows Road, Suite 600<br>Lake Oswego, Oregon 970350 | $606,916.00 |
| Entrust Mortgage, LLC<br>Wells Fargo Bank, N.A.<br>420 Montgomery Street<br>San Francisco, CA 91404 | $105,769.78 |
| Mylor Financial<br>15451 San Fernando Mission Blvd.<br>Mission Hills, California 91345-1368 | $57,213.32 |
| Meritage Mortgage<br>5885 Meadows Road, Suite 350<br>Lake Oswego, Oregon 970350 | $52,750.00 |
| Aegis Wholesale<br>11200 Westheimer Road, Suite 900<br>Houston, TX 77042-3229 | $199,184.69 |

Internal Revenue Service $40,435.00
Attn: Mail Stop 6261, Restitution
Kansas City, Missouri 64108

```
          FILED          RECEIVED
    ✓     ENTERED        SERVED ON
                    COUNSEL/PARTIES OF RECORD

              FEB 1 1 2011

            CLERK US DISTRICT COURT
              DISTRICT OF NEVADA
    BY:                         DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:08-CR-0064-RLH-GWF |
| AMY R. ORTIZ, | ) |
| Defendant. | ) |

## ORDER OF FORFEITURE

On February 11, 2011, defendant AMY R. ORTIZ pled guilty to Counts One and Two of a Two-Count Criminal Superseding Information charging her in Count One with Wire Fraud in violation of Title 18, United States Code, Section 1343 and charging her in Count Two with Aid or Assist in Preparing a False Statement in violation of 26 U.S.C. § 7206(2), and agreed to the forfeiture of property set forth in the Forfeiture Allegations in the Criminal Superseding Information.

This Court finds that AMY R. ORTIZ shall pay a criminal forfeiture money judgment of $212,874.93 in United States Currency to the United States of America, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2)(A); and Title 21, United States Code, Section 853(p).

. . .

. . .

. . .

1  THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States
2  recover from AMY R. ORTIZ a criminal forfeiture money judgment in the amount of $212,874.93
3  in United States Currency.
4  DATED this _11_ day of _February_, 2011.

_____
UNITED STATES DISTRICT JUDGE

**FILED**

JAN 1 3 2012

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:08-CR-064-RLH (GWF) |
| ) | |
| AMY R. ORTIZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF FORFEITURE

This Court found on February 11, 2011, that AMY R. ORTIZ shall pay a criminal forfeiture money judgment of $212,874.93 in United States Currency, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2)(A); and Title 21, United States Code, Section 853(p). Docket #167.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States recover from AMY R. ORTIZ a criminal forfeiture money judgment in the amount of $212,874.93 in United States Currency pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2)(A); and Title 21, United States Code, Section 853(p).

DATED this _13_ day of _January_, 2012.

_____
UNITED STATES DISTRICT JUDGE