UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 2:08-cr-64-RLH-GWF |
| vs. | ) | **O R D E R** |
| | ) | (Motion for Bail or to Continue–#461) |
| STEVEN W. GRIMM, EVE MAZZARELLA, MELISSA R. BEECROFT, | ) ) ) | |
| Defendant. | ) | |

Defendant Melissa R. Beecroft has filed a Motion for Bail Pending Appeal or to Continue Self-Surrender Date (#461, filed May 31, 2012). The Government filed a Response (#462, filed June 2, 2012) in opposition.

There is a presumption against granting a defendant bail after conviction and sentencing. 18 U.S.C. §3143(b). Section 3143(b) only permits release after the Court makes specific findings specified in the statute, the pertinent part of which reads as follows:

> [A] person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . [shall] be detained, unless the judicial officer finds -
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; *and*
>
> (B) that the appeal is not for the purpose of delay *and* raises a substantial question of law or fact *likely* to result in -

1

(i) reversal,
        (ii) an order for a new trial
        (iii) a sentence that does not include a term of imprisonment, or
        (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

(Emphasis added)

This Court has already denied a motion for a new trial. It sentenced Ms. Beecroft to a term of imprisonment and she has not served any time nor is the sentenced likely to be reduced beyond the already favorable sentence imposed. That leaves the issue of "likely" reversal. There is no issue of danger to the community or fear of Defendant's flight.

Defendant Beecroft's claims relate to whether there are substantial questions of law or fact upon which the Court erred during trial. The questions raised by Beecroft are not substantial, nor do they have merit.

The first question is, "should the Court allowed [sic] the expert testimony of Curt Novy on mortgage fraud be presented and then prohibit him from stating any conclusions." The statement is incorrect. The Court permitted Mr. Novy to testify and permitted him to state his opinions and conclusions, except in areas that were not relevant and/or there was insufficient bases for the opinions expressed. This issue is insubstantial.

The second question is, "did the Court err in admitting the expert testimony of Curt Novy when the Court expressly held immediately after the verdicts were returned that Mr. Novy was 'unqualified to testify as an expert on mortgage fraud.'"[1] This Court has already held, in denying a motion for a new trial, that Beecroft's argument is that the Court should have protected the defendants from themselves. In other words, she argues that the Court should have precluded her from calling

---

[1] The Court's purpose in making that declaration after the trial was over was to preclude Novy from using this trial and his testimony here in his resume or for future claims that he had testified as an expert, in order to establish himself before future judges. The Court is of the opinion that some of his claims before this Court of previous testimony or court experience was overstated, if not mischaracterized.

2

her own expert witness because his testimony turned out to be a train wreck for the defendants. As this Court noted in its Order denying the motion for a new trial (Dkt #404), Defendants' argument that the Court should have protected them from themselves "is insufficient for Defendants to receive a new trial. If it were, every time an expert was shown to be a fool on cross-examination a new trial would be required." The argument that the Court is obligated to keep a party from calling a witness that becomes harmful to the party's case does not raise a substantial question of law or fact which is *likely* "to result in reversal."

The last question has to do with argument of the prosecutor about the Court's instruction that the jury can consider a witness's interest in the outcome of the case in determining the witness's credibility. The prosecutor argued that Mr. Novy had an interest in the outcome of the case. (Because he was a professional expert witness, his reputation would be affected.) But the prosecutor stated, "I don't know why." The prosecutor did not argue, as is implied by Defendant, that Novy's compensation depended on the outcome of the case. At any rate, this is not a substantial issue warranting release pending appeal.

The only bases for extending the surrender date are contained in the single, final sentence of her Motion. She states that this request is made so she may finish an ongoing project for her employer and complete arranging her affairs before self-surrender. The record will reflect that the Court asked counsel if there was any particular request for a surrender date, and it was defense counsel who requested "June 15." The Court honored that request, and there is no showing to justify an extension.

IT IS THEREFORE ORDERED that Defendant Beecroft's Motion for Bail Pending Appeal or to Continue Self-Surrender Date (#461) is denied.

Dated: June 6, 2012.

_____
**Roger L. Hunt**
**United States District Judge**