# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:08-cr-00064-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Bail or to Continue Self-Surrender Date–#467) |
| STEVEN W. GRIMM, EVE MAZZARELLA, MELISSA R. BEECROFT | |
| Defendants. | |

Defendant Eve Mazzarella has filed a **Motion for Reconsideration of Denial of Bail Pending Appeal, or to Continue Self-Surrender Date** (#467, filed June 25, 2012). The Government submitted a Response (#468, filed June 27) in opposition and Mazzarella filed a Reply (#469, filed June 27).

**I. Standard**

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if the district court: (1) is presented with newly

AO 72
(Rev. 8/82)

discovered evidence, (2) has committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion)). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995); *Beentjes v. Placer County Air Pollution Control District*, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003); *Khan v. Fasano*, 194 F.Supp.2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). "As a general rule, the Court does not consider evidence on a motion for reconsideration if the evidence could have been provided before the decision was rendered initially." *Arizona Civil Liberties Union v. Dunham*, 112 F.Supp.2d 927, 935 (D. Ariz. 2000) (citation omitted).

**II.     Analysis**

There is a presumption against granting a defendant bail after conviction and sentencing. 18 U.S.C. §3143(b). Section 3143(b) only permits release after the Court makes specific findings specified in the statute, the pertinent part of which reads as follows:

> [A] person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . [shall] be detained, unless the judicial officer finds -
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; *and*
>
> (B) that the appeal is not for the purpose of delay *and* raises a substantial question of law or fact *likely* to result in -
>
> (i) reversal,
> (ii) an order for a new trial
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

(Emphasis added)

This Court has already denied a motion for a new trial and denied Mazzarella's request for bail pending her appeal. It sentenced Mazzarella to a term of imprisonment and she has not served any time nor is the sentence likely to be reduced beyond the already very favorable sentence imposed. The only issue left is whether Mazzarella's sentence will likely be reversed. (The Court need not address the issue of danger to the community or fear of flight.)

Mazzarella's claims relate to whether there are substantial questions of law or fact upon which the Court erred at sentencing. The questions Mazzarella raises are not substantial, nor do they have merit.

The first issue Mazzarella addresses is whether the Court needed to address all of Mazzarella's sentencing objections, including specific objections to the Guidelines computation set forth in the Presentencing Investigation Report and the scope of conduct raised in her Sentencing Memorandum. However, in the Ninth Circuit, a district court has "no obligation to address and resolve each of [a defendant's] arguments on the record." *United States v. Carter*, 560 F.3d 1107, 1119 (9th Cir. 2009). Further, here, the Court adequately explained Mazzarella's sentence and the reasons it *substantially departed downward* from the guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 50 (2007). Thus, this argument has no merit.

AO 72
(Rev. 8/82)

The second issue Mazzarella addresses is whether the Court erred in denying her a continuance of her sentencing based on the Government not giving her *Brady* material. The *Brady* material which Mazzarella refers to is the loss calculation spread sheet the government used to calculate the loss Mazzarella and her co-defendants caused. However, as the Government points out, the information the Government used for this calculation and in their spreadsheet was all publicly available. Also, the reason that the loss calculation changed between the time of the indictment and sentencing was that more of the homes affected by Mazzarella's conduct were sold at foreclosure in the intervening years. Thus, this data continued to change as each additional house became a loss. Thus, this argument does not present a close question of law or fact likely to result in Mazzarella's sentence being overturned.

Finally, Mazzarella argues her self-surrender date should be continued so that she may review the trial transcript with her attorney, since it took longer than expected to receive the transcript, so that she may identify other substantive grounds for her appeal. However, it is not necessary that Mazzarella be out of custody to review trial transcripts. She will fully capable of reviewing trial transcripts after surrendering, even if it is less convenient.

IT IS THEREFORE ORDERED that Defendant Mazzarella's Motion for Bail Pending Appeal or to Continue Self-Surrender Date (#467) is DENIED.

Dated: June 28, 2012.

_____
**Roger L. Hunt
United States District Judge**